UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **JOSE LOZOYA,** § | | |
| § | | |
| *Plaintiff*, § | | |
| v.                                        § | | NO.  EP-25-CV-00041-KC-MAT |
| § | | |
| **COMMISSIONER OF THE SOCIAL**   § | | |
| **SECURITY ADMINISTRATION,**     § | | |
| § | | |
| *Defendant*. | | |

### REPORT AND RECOMMENDATION REGARDING MOTION TO PROCEED *IN FORMA PAUPERIS*

On this day, the Court considers Plaintiff Jose Lozoya's ("Plaintiff") "Motion to Proceed *In Forma Pauperis*" ("Motion") (ECF No. 1), and his proposed Complaint (ECF No. 1-1), filed on February 13, 2025. In his underlying Complaint attached to the Motion, Plaintiff appeals, pursuant to 42 U.S.C. § 405(g), from the final decision of Defendant Commissioner of the Social Security Administration denying his claims for disability benefits. Pursuant to 28 U.S.C. § 636(b), Appendix C of this District's Local Rules, and the Honorable District Judge Kathleen Cardone's "Standing Order Regarding Civil Case Assignments," dated May 1, 2012, this case was referred to the undersigned for a report and recommendation. For the reasons set forth below, the Court **RECOMMENDS** that Plaintiff's Motion is **DENIED**.[1]

---

[1] The Court issues this denial in the form of a report and recommendation. *See Donaldson v. Ducote*, 373 F.3d 622, 623–25 (5th Cir. 2004) (The court held that it lacked jurisdiction because the district court had not entered a final, appealable order adopting the magistrate judge's order denying Plaintiff's motion to proceed IFP. The Fifth Circuit remanded the case to the district court for the limited purpose of reviewing the magistrate judge's certification order and entering an appropriate order.); *see also Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (observing that "[o]ur sister circuits have held that magistrate judges have no authority to enter an order denying IFP status"); *id.* (stating that because denial of plaintiff's motion for leave to proceed IFP "was a dispositive matter, ... the magistrate judge should have only issued a report and recommendation for a decision by the district court").

1

Federal *in forma pauperis* ("IFP") statute 28 U.S.C. § 1915 "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Under § 1915(a)(1), "the commencement or filing of the suit depends solely on whether the [plaintiff] is economically eligible." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976); *see also* 28 U.S.C. § 1915(a)(1) ("[A]ny court of the United States may authorize the commencement ... of any suit ..., without prepayment of fees ..., by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees...."). "The only determination to be made by the court under § 1915(a), therefore, is whether the statements in the affidavit satisfy the requirements of poverty." *Watson*, 525 F.2d at 891. "Poverty sufficient to quali[f]y for IFP status does not require absolute destitution." *Ayers v. Texas Dep't of Crim. Just.*, 70 F.3d 1268, 1268 (5th Cir. 1995) (unpublished but precedential decision under Fifth Cir. R. App. P. 47.5.3, which provides, "[u]npublished opinions issued before January 1, 1996, are precedent") (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "The central question is whether the [plaintiff] can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Id.*

In addressing that question, courts consider "the [plaintiff's] present assets, reasonably contemplated periodic payments and future income, and the demands on an individual plaintiff's financial resources, including whether they are discretionary or mandatory." *Roden v. State of Texas*, 58 F.3d 636, 636 (5th Cir. 1995) (unpublished but precedential decision under Fifth Cir. R. App. P. 47.5.3) (first citing *Smith v. Martinez*, 706 F.2d 572, 573 (5th Cir. 1983); then *Prows*, 842 F.2d at 140). In assessing the plaintiff's financial condition, courts "may look to where the litigant's reported income is in relation to applicable poverty guidelines." *Moates v. Biden*, No. 6:22-CV-

00626-ADA-JCM, 2022 WL 3566451, at *1 (W.D. Tex. June 29, 2022) (collecting cases looking to Department of Health & Human Services' Poverty Guidelines), *report and recommendation adopted*, 2022 WL 18110176 (W.D. Tex. Oct. 18, 2022). The fee for filing a civil complaint, such as Plaintiff's, in the United States District Court for the Western District of Texas is $405. *See* U.S. Dist. Ct. W. Dist. of Tex., *Fee Schedule*, https://www.txwd.uscourts.gov/court-information/fee-schedule/ (last visited Feb, 25, 2025).

Here, the Court notes that Plaintiff's annual income substantially exceeds the applicable poverty guidelines, which as discussed above, courts have held are an important guide in assessing a plaintiff's financial condition. The Court observes that Plaintiff has a spouse (*see* ECF No. 1, at 3), and his annual income is $50,400, *see id.* (stating monthly income is $4,200). The applicable poverty guideline for a family of two is $21,150. *See* U.S. Dep't of Health & Hum. Servs., Off. of Assistant Sec'y for Plan. & Evaluation, *HHS Poverty Guidelines for 2025*, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited February 25, 2025). Thus, Plaintiff's annual income is well above the poverty guidelines.[2]

In sum, the Court finds that Plaintiff has not shown that he will suffer undue financial hardship or be deprived of the necessities of life after payment of the $405 filing fee and recommends that his Motion be denied. *See Moates*, 2022 WL 3566451, at *1 (denying plaintiff's motion to proceed IFP, finding that his "financial affidavit shows he has resources to pay the filing

---

[2] Separately, courts are required to consider whether the applicant's claimed expenses are "discretionary or mandatory." *Prows*, 842 F.2d at 140. Discretionary expenses include laundry, dry cleaning, and credit card payments. *See, e.g., Escalante v. O'Malley*, No. EP-23-CV-00464-RFC, 2024 WL 502319, at *2 (W.D. Tex. Jan. 4, 2024) (finding applicant's expenses for laundry and dry cleaning discretionary); *Alvarez v. Tex. Workforce Comm'n*, No. EP-23-CV-00147-DCG, 2023 WL 3046607, at *2 (W.D. Tex. Apr. 20, 2023) (finding expenses for credit card payments discretionary). Here, the Court notes that several of Plaintiff's monthly expenses appear discretionary, rather than mandatory. Plaintiff claims $50 in laundry and dry cleaning expenses, and $700 in credit card payments (to the extent that Plaintiff does not state what these payments are for and whether they are different from his expenses itemized elsewhere in his affidavit). ECF No. 1 at 5–6. These discretionary expenses counsel against Plaintiff's asserted condition of financial hardship.

fee" because his annual household income is well above the poverty guidelines).  In doing so, the Court primarily relies on the substantial gap between Plaintiff's income and the poverty guidelines.  Still, because Plaintiff has $170 in his checking account, *see* ECF No. 1 at 3, the Court, out of an abundance of caution, recommends that Plaintiff be allowed to pay the $405 filing fee in three consecutive monthly installments in the amount of $135 each.  *See Prows*, 842 F.2d at 140 ("[A] district court may order users of the courts to pay a portion of the filing fees when they are financially able to do so.").

Accordingly, **IT IS RECOMMENDED** that Plaintiff's "Motion to Proceed *In Forma Pauperis*" (ECF No. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff be **ORDERED** to pay the filing fee in three (3) consecutive monthly installments, each in the amount of $135, with the first installment being due within ten (10) days after the District Judge's order regarding this Report and Recommendation.

Moreover, to the extent that the District Judge permits Plaintiff to pay the filing fee in installments or requires Plaintiff to pay the fee in full at once, **IT IS RECOMMENDED** that Plaintiff be **CAUTIONED** that failure to timely pay the filing fee completely may result in the dismissal of his case.

**IT IS FINALLY ORDERED** that the Clerk's Office **SHALL NOT DOCKET** Plaintiff's Complaint (ECF No. 1-1) **UNTIL** further order of the undersigned Magistrate Judge or the District Judge.

**SIGNED** and **ENTERED** this 26th day of February 2025.

_____
MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE

## NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**